*HIRAM L. ROBBINS V. COMMISSIONERS OF PREBLE COUNTY, OHIO.

1. TERM OF OFFICE OF COUNTY AUDITORS.

The term of office of county auditors, elected on the second Tuesday of October, 1883, expired on the second Monday of November, 1886, while the term of office of their successors elected on the second day of November, 1886, does not commence until the second Monday of September, 1887, and for the interim between the expiration of the former and the commencement of the latter term, a vacancy has "happened in the office" within the meaning of sec. 1017, Rev. Stat., which the commissioners of the county are authorized and required to fill by appointment as therein provided.

2. VACANCY IN THE OFFICE OF COUNTY AUDITOR.

Such vacancy exists notwithstanding the auditor, whose term expired on the second Monday of November, 1886, thereafter retains possession and exercises the functions of the office, claiming to be auditor *de facto*, rightfully entitled to the office.

3. AUDITOR, AFTER EXPIRATION OF HIS TERM, CANNOT ENJOIN COMMISSIONERS FROM FILLING SUCH VACANCY.

A county auditor, after the expiration of his term, cannot maintain an action to enjoin the county commissioners from appointing some suitable person to fill a vacancy which may happen in the office from any cause.

APPLICATION to suspend an order of the court of common pleas of Preble county dissolving a temporary injunction.

WILLIAMS, C. J.

This is an application under sec. 5226, as amended February 7, 1885 (82 O. L., 32), for the suspension, pending the appeal in the circuit court, of an interlocutory order made by Judge Hume, of the common pleas, dissolving an injunction.

The plaintiff filed his petition in the court of common pleas of Preble county, alleging in substance that he was elected to the office of auditor of that county on the second Tuesday of October, 1883, his term commencing on the second Monday of November, 1883; and that on the second day of November, 1886, he was re-elected, but that his term of office under his re-election does not commence until the second Monday of September, 1887, and that for the period intervening between the second Monday of November, 1886, and the second Monday of September, 1887, no provision is made by law for the appointment of an incum-

---

*This case was cited by the circuit court upon the question of filling a vacancy before it happens, in State v. Thompson, 2 Dec., 224, 227.

bent of the office, and he is entitled to hold the same; that the county commissioners are threatening to, and unless restrained by proper order, will appoint some person other than the plaintiff to fill said office for said period, and the petition prays for an injunction accordingly.  A judge of the court of common pleas allowed a temporary injunction as prayed for, which, on motion, was dissolved by Judge Hume, another judge of the common pleas.    The plaintiff appealed to the circuit court, and this application is now made as before stated.

The order applied for must be refused for two reasons :

First—It is quite clear that the plaintiff's first term of office expired on the second Monday of November, 1886.

Section 2, article 10, of the constitution provides, that " county officers shall be elected on the second Tuesday of October triennially until otherwise directed by law, by the qualified electors of each county, in such manner and for such term, not exceeding three years, as may be provided by law."

Section 1013, Rev. Stat., in force at the time of the plaintiff's first election, provided that " a county auditor shall be elected triennially in each county at the fall election, who shall hold his office for three years from the second Monday of November next after his election."

This section was amended May 18, 1886, so as to make the term of office of auditors thereafter elected three years commencing on the second Monday of September after their election.    (83 O. L., 198).

It is not within the power of the legislature to either expressly or by implication extend the term of office beyond the limit fixed by the constitution, and the legislature in this instance has not attempted to do so.    The power of a court of equity to do so by its order is not apparent.

It is equally clear that the plaintiff's term of office under his re-election does not commence until the second Monday of September, 1887.    This is so expressly provided by the act of May, 1886, and so averred in the petition.

In the meantime then, between the expiration of his first and the commencement of his second term, there is a vacancy in the office; though so long as he is suffered to continue in the possession and exercise the functions of the office, he may be the auditor *de facto*.    His rights as such, however, are not different from those of any other intruder who obtains possession and performs the duties of the office, and are not such as to entitle him to the active interference of a court of equity to prevent the commissioners from in good faith appointing some person to the office legally qualified to hold and exercise it.

It is said, however, that there is no vacancy in the office, because the plaintiff as auditor *de facto* is a lawful incumbent and entitled to remain, since the legislature, when the change was made in the term of office by the act of May 1886, failed to provide any mode for filling the interim between terms.    We understand an office to be vacant in contemplation of law, when there is no present incumbent provided by law.    It is none the less vacant because a usurper without lawful authority is in the actual possession of the office.    If by reason of such occupation of the office by the plaintiff in this case, he could successfully assert that there is no vacancy, then in every case of the death, resignation, etc., of the duly elected officer any one might seize and hold the office, and as successfully deny the existence of a vacancy.    See State v. Hopkins, 10 O. S., 509.

A vacancy within the meaning of sec. 1017, Rev. Stat., has happened and exists between the second Monday of November, 1886, and the second Monday of Setpember, 1887, which the county commissioners, by that section, are authorized to fill by appointment, as therein provided.    Said section reads as follows :

" Section 1017.    When a vacancy happens in the office of county auditor, from any cause, the commissioners of the county shall appoint some suitable person, resident of the county, to fill the vacancy."

Conceding that the failure of the legislature to provide by said act of May 18, 1886, a special mode for the election or appointment of an incumbent for the

office for the interim referred to was an oversight and unintentional, there is nevertheless a vacancy until filled in some mode ; and it is a vacancy for some cause—if no other, for such legislative omission ; and as seen by sec. 1017, if a vacancy exists for any cause, the commissioners are authorized and required to fill it by appointment.

The section last referred to ( 1017 ) is broad enough to cover every vacancy in the office resulting in any way from any cause, and was intended, as its language plainly imports, to provide against the office being, from any contingency, for any period, without an incumbent legally authorized to hold it ; and the duty of appointing some suitable person to such vacancy is specifically enjoined on the county commissioners by the same statute—a duty which may be compelled by mandamus to perform.

No threatened abuse of this power of appointment is alleged, and to interfere by injunction with the due performance of the statutory duty of appointment is not within the proper exercise of the equity powers of the court.

Second—The plaintiff 's petition does not otherwise make a case for an injunction.

The general rule is that to entitle a plaintiff to an injunction, his right must be clear, the apprehended injury irreparable, its approach perilous, and he be otherwise without adequate remedy.

As before seen, the title of the plaintiff to the office is but that of an intruder, though he be an officer *de facto.* No equitable grounds are shown why another may not be invested with at least the apparent legal title by appointment to bring to the proper test by the legal remedy of *quo warranto* their respective claims to the office. To grant the injunction is to determine in advance the title to the office as between such contestants, and thus substitute a proceeding in equity for the legal remedy before mentioned.

Besides, the apprehended injury, viz. :  the disturbing of the plaintiff in the possession and enjoyment of the office, would not result directly, but, if at all, only remotely from the action of the commissioners sought to be enjoined. To so interfere with him requires the act of another—the appointee.

Whether, after such appointment and pending proceedings in *quo warranto* to try the title to the office (if such should be instituted), a court of equity would restrain the appointee from interfering with plaintiff 's possession of the office, we need not determine.

Judge James Gilmore, for plaintiff.
Foos & Fisher, for defendants.